IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ABE LEHI,
No. 03806-081,

Petitioner,

vs.                                                                  Case No. 16-cv-188-DRH

U.S.A.,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Abe Lehi, who is currently incarcerated at Marion-U.S.P., brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner raises challenges to his 1992 conviction based on claims of ineffective assistance of counsel, denial of appeal rights, and lack of jurisdiction. (Doc. 1, p. 3). The case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## Procedural History

In 1992, petitioner was convicted of sexual assault and sentenced to "life and 30 years" in the United States District Court for the District of Utah. (Doc. 1, p. 1). Petitioner provides little information in the present petition regarding his prior attempts to secure post-conviction relief, but a review of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov)[1] reveals that he has filed multiple post-conviction motions and appeals challenging his sentence and conviction. *See e.g., Lehi v. U.S.A.*, Case No. 12-cv-00518-BSJ, Doc. 9 (reviewing petitioner's conviction, sentence, direct appeals, and additional attempts to seek post-conviction relief). This is petitioner's first appearance in this District.

## The Habeas Petition

In the present action, petitioner raises the following claims: 1) the District Court of Utah was without jurisdiction to try and sentence petitioner because the offenses occurred in "Indian Country"; 2) ineffective assistance of counsel; and 3) petitioner was not afforded adequate notice of his appeal rights at sentencing. (Doc. 1, pp. 7-9).

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger,* 695 F.3d

---

[1] A court may take judicial notice of public records available on government websites. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In the Seventh Circuit, in order to proceed under the savings clause, a petitioner must typically meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  To be clear, the new statutory interpretation case must announce a "change of law."  *Id*. at 611-12.  Recent cases that simply rearticulate settled rules of law do not count as "new."  Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

The Court begins, therefore, with the threshold issue of whether the present petition has been properly brought under the savings clause.  The Court's inquiry centers on whether any of petitioner's arguments rest upon a statutory interpretation case that announced a change in law that petitioner could not have relied upon in his first § 2255 motion.  Petitioner points to no such case and the Court is not aware of any case to support of any of petitioner's claims.

Because petitioner has failed to identify any new statutory interpretation case applicable here that would allow this Court to review the merits of petitioner's claims, relief pursuant to 28 U.S.C. § 2241 is not available.

## Disposition

For the foregoing reasons, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) will toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). However, a Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under §2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: March 14, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.03.14 15:18:38 -05'00'

**United States District Judge**